UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL R. PALUMBO,
Judge of the Olean City Court,

                                                            **Hon. Hugh B. Scott**

                           v.
                                                            11MC76Sc

STACEY T. SPENCER, SR.,                                     **Order**

                           Defendant.



        Before the Court is plaintiff's motion to quash the subpoena served upon Judge Daniel

Palumbo, Olean City Court (Docket No. 1).  This arises from a parallel criminal prosecution,

United States v. Spencer, No. 10CR180, in which the Government also moved to quash the same

subpoena (id., Docket No. 45).  Both proceedings involve so much of defendant's motion in the

criminal prosecution (id., Docket No. 10) seeking to suppress evidence seized from defendant's

vehicle pursuant to a search warrant issued by Judge Palumbo.  A similar Order will be entered

in the United States v. Spencer prosecution.

                                      BACKGROUND

        Defendant is charged in a single count Indictment with unlawful possession of cocaine

with the intent to distribute, in violation of 21 U.S.C. § 841(b)(10(C), as well as a forfeiture

count (id., Docket No. 1, Indict., dated June 22, 2010).  Defendant was arrested on May 13, 2010

(see id., Docket No. 1, Criminal Complaint, dated May 13, 2010; see also id., Docket No. 11,

Gov't Response at 1), after the Buffalo DEA Task Force and Olean Police Department obtained a

search warrant of 509 North Fifth Street, Olean, New York (id., Docket No. 1, Crim. Compl.,

Higgins Aff. ¶ 4).  During the search, agents seized (among other items) over 70 grams of a

substance field tested positive for cocaine, baggies, and a digital scale (id. ¶ 4 a.-f.).  According

to the agent's affidavit in support of the Complaint, after defendant's arrest and being advised of

his rights, he stated that the cocaine found in a 2009 Ford Focus was "bunk" cocaine, or cocaine

diluted with other substances used to trick people believing that they were purchasing purer

cocaine (id. ¶ 6).

*Search on May 13, 2010*

The search at issue occurred at the home of defendant's wife, Intisar (Docket No. 10, Def.

Atty. Affirm. ¶ 4), where defendant was sleeping as an overnight guest (Docket No. 16, Def. Aff.

¶ 2).  The search warrant was issued by Judge Palumbo, upon the affidavit of Olean Police

Investigator Andrew Langdon and in camera testimony of a sworn confidential informant.

According to notes and tape recording submitted in camera to this Court for inspection, the

confidential informant stated that he was in the residence at 509 North Fifth Street, where the

informant stated that defendant had weighed 60 grams of cocaine, with cocaine in plain sight.

This Court found, however, that the informant's answers to the Judge's question on the original

micro-cassette tape recording and the copy on a CD-Rom disk were inaudible (Docket No. 23,

Report & Recommendation of Jan. 26, 2011, at 6).

Defendant asserts standing for the search of the rental car since he (and his brother)

rented it (id. ¶¶ 19, 15-16).  The search warrant included in its ambit the search of any vehicles

within the premises of 509[1] North Fourth Street, Olean (e.g., Docket No. 10, Attach. 1, Search

Warrant, Search Warrant Application), without describing any particular vehicle (see Docket

No. 10, Def. Atty. Affirm. ¶ 44).  But defendant's car was parked three lots away from that

---

[1]Erroneously identified in the Report as "409 North Fourth Street," Docket No. 23, at 3.

address (Docket No. 16, Def. Aff. ¶ 9; Docket No. 10, Def. Atty. Affirm. ¶ 34).  This Court

found that the vehicle was parked beyond the scope of the premises described in the search

warrant (Docket No. 23, Report & Rec. at 6).  It was also not clear from the record that defendant

(or anyone else authorized) consented to the search of the vehicle (id. at 6-7).  The Government

moved for reconsideration arguing that a hearing is necessary as to consent to search (Docket

No. 26; see also Docket No. 30, Report & Rec. of Feb. 25, 2011, at 6-7).  Following Chief Judge

Skretny's Order (Docket No. 42, of June 27, 2011; see also Docket No. 44, Order of July 7,

2011, denying reconsideration) remanding this matter for an evidentiary hearing, a hearing was

scheduled for September 22, 2011 (text notice, Sept. 2, 2011; cf. text notice, Aug. 29, 2011

(scheduling hearing for Sept. 9, 2011)).

 Defendant served a subpoena on Judge Palumbo.  Counsel from the New York State

Unified Court System wrote to the Court requesting that this subpoena be quashed (Docket

No. 45, Gov't Motion, Ex. A).  Judge Palumbo, through counsel for the Unified Court System,

then commenced this separate proceeding to quash, Palumbo v. Spencer, supra, 11MC76.  In

both proceedings, opposition to the subpoena is based upon facial deficiencies (such as

presumably coming from the United States District Court for the Southern District of New York,

signed by the Court Clerk for the Western District of New York; for a proceeding to begin at

2 a.m.; for a warrant issued on September 10, 2010, rather than May 13, 2010); the fact that

Judge Palumbo does not have any records sought by defendant; that the Judge has no recollection

of the events at issue; and that if the Judge had materials, they are privileged.

### DISCUSSION

As stated during oral argument (Docket No. 3), the subpoena facial insufficient and is hereby **quashed**.  Under Federal Rule of Criminal Procedure 17(c), a subpoena may be quashed if compliance would be unreasonable or oppressive.  The subpoena must state the court's name and the title of the proceeding, id., Fed. R. Cr. P. 17(a).  Here, the failure to mark the correct drop down to identify the United States District Court for the Western District of New York (where this case is pending) rather than the Southern District of New York is fatal to this subpoena.  Another fatal defect is indicating a return time for this subpoena at a time when the Court is closed.

While these are more format typographical errors, a more substantive error is seeking information for a search conducted on <u>September 10, 2010</u>, when this case involved a search conducted on <u>May 13, 2010</u>, over four months earlier.  Even if the Judge has relevant records for such a search, that search has nothing to do with the charges pending in this case.

As a result, plaintiff's motion to quash this subpoena (Docket No. 1) is **granted**.  This miscellaneous proceeding should be closed.

### CONCLUSION

For the reasons stated above, plaintiff's motion to quash the subpoena served upon Judge Daniel Palumbo (Docket No. 1) is **granted** and the Court Clerk is directed to close this case.

So Ordered.

_/s/ Hugh B. Scott_
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      September 23, 2011

4